**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4394**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

PETER JAMES SMITH,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:08-cr-00074-RJC-DSC-1)

Submitted: July 22, 2010                    Decided: July 29, 2010

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carol Ann Bauer, Morgantown, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter James Smith was convicted by a jury of two counts of carjacking, in violation of 18 U.S.C. § 2119 (2006); two counts of kidnapping, in violation of 18 U.S.C.A. § 1201 (2006 & West Supp. 2010); two counts of use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2006); and possession of a firearm after having previously been convicted of a crime punishable by a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Smith to a total of 708 months of imprisonment and Smith now appeals. Finding no error, we affirm.

On appeal, Smith argues that his trial counsel rendered ineffective assistance for failing to move for a judgment of acquittal at the close of the evidence. Under Strickland v. Washington, 466 U.S. 668, 687 (1984), to prove a claim of ineffective assistance of counsel a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." With respect to the first prong, the defendant must show that counsel's performance "fell below an objective standard of reasonableness." Id. at 688. In addition, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Under the second prong of the test, "[t]he defendant must

show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Moreover, this court may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

Smith argues that, had his counsel moved for a judgment of acquittal, his claim regarding the sufficiency of the evidence would have been preserved for appellate review. Smith's argument regarding the sufficiency of the evidence is, however, based on the conflicts between Smith's testimony and the testimonies of the victims at trial. "[D]eterminations of credibility are within the sole province of the jury and are not susceptible to judicial review." United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (internal quotation marks and citations omitted). We conclude, therefore, that Smith has failed to demonstrate that ineffective assistance of counsel conclusively appears from the record. We thus decline to address this claim on direct appeal.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid in the decisional process.

AFFIRMED